UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **ROGER ELWELL**, individually and on behalf of all others similarly situated, | Civ. Case. No.: |
| Plaintiff, | CLASS AND COLLECTIVE ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| **BLAZEK CONTRACTING CORP.** | |
| Defendant. | |

Roger Elwell ("Plaintiff"), by and through the undersigned attorneys, brings this Complaint against Blazek Contracting Corp. ("Defendant"), individually and on behalf of all similarly situated individuals and states as follows:

## INTRODUCTION

1. This is a class and collective action brought by Plaintiff on his own behalf and on behalf of all similarly situated current and former delivery driver employees of Defendant to recover for Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Minnesota Fair Labor Standards Act ("MFLSA") Minn. Stat. §§ 177.21-177.35, the Minnesota Payment of Wages Act ("MPWA") Minn. Stat. § 181 *et seq.,* and other appropriate rules, regulations, statutes, and ordinances.

2. Defendant paid Plaintiff and other similarly situated deliver driver employees a fixed day rate for all hours worked. Plaintiff, and those similarly situated, were subjected to Defendant's policy and practice of failing to pay its delivery drivers overtime at a rate not less than one-half times its employees' regular rates of pay for hours worked in excess of 40 hours during a workweek in violation of the FLSA and for hours worked in excess

1

of 48 hours during a workweek in violation of the MFLSA.

3.     Plaintiff brings this action on behalf of himself, and all other similarly situated delivery driver employees of Defendant, to recover unpaid wages and overtime, liquidated damages, penalties, fees and costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## JURISDICTION AND VENUE

4.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. §§ 201, *et seq*.

5.     This Court also has subject-matter jurisdiction over Plaintiff's Collective Action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

6.     Upon information and belief, Defendant's annual sales exceed $500,000 and it has more than two employees, so the FLSA applies in this case on an enterprise basis. Defendant's employees engage in interstate commerce, and therefore, they are also covered by the FLSA on an individual basis.

7.     This Court has supplemental jurisdiction over the Minnesota state law wage and hour class pursuant to 28 U.S.C. § 1367 because all Minnesota state law wage and hour claims are so related to the federal claims that "they form part of the same case or controversy" such that they should be adjudicated in one judicial proceeding.

8.     This Court has personal jurisdiction over Defendant because Blazek's

principal place of business is located within the State of Minnesota, Blazek does business within the State of Minnesota, and Blazek is registered with the Minnesota Secretary of State.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant employs delivery drivers in this District, operates its parcel pick-up and delivery business in this District, and a substantial portion of the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

## PARTIES

10. Plaintiff Roger Elwell is an individual who resides in the County of Crow Wing, City of Brainerd, Minnesota. Plaintiff was employed by Defendant as a delivery driver from approximately March 2014 to February 2016. Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b), and his Consent to Sue is attached hereto as Exhibit 1.

11. Defendant Blazek Contracting Corp. is a parcel delivery business that hires delivery driver employees to deliver packages in Minnesota.

12. Defendant is registered to do business within the State of Minnesota and is registered as a domestic corporation with the Minnesota Secretary of State. Blazek can be served through its Registered Agent or CEO, Kenneth Donald Blazek, located at 16060 County Road 24 Brainerd, Minnesota 56401.

## GENERAL ALLEGATIONS

13. Defendant is a parcel delivery business. Defendant hires delivery driver employees, like Plaintiff, to deliver packages in Minnesota.

14. Defendant hired Plaintiff on, or around, March 2014 as a delivery driver.

15. As Plaintiff's employer, Defendant controlled Plaintiff's employment by setting Plaintiff's schedule, assigning Plaintiff to make deliveries that Defendant contracted for through FedEx Ground Package Delivery, paying Plaintiff for the work Plaintiff performed for Defendant, and ultimately deciding whether or not Plaintiff would continue to be a delivery driver for Defendant.

16. Plaintiff's primary job duties as a delivery driver included sorting delivery packages to load into the delivery vehicle, loading and unloading the vehicle with packages, and delivering packages.

17. Defendant paid Plaintiff a flat sum for a day's work without regard to the number of number of hours worked in the day. Plaintiff's rate at the beginning of his employment with Defendant was $120 per day. Sometime in 2015 Plaintiff's rate was increased to $135 per day.

18. Throughout Plaintiff's employment with Defendant, Plaintiff regularly worked in excess of worked 40 hours per week. Further, Plaintiff regularly worked in excess of worked 48 hours per week.

19. Defendant regularly scheduled Plaintiff to work Monday through Friday from 7:00 a.m. to 5:00 p.m. Further, from approximately the Thanksgiving holiday through the beginning of January of each year, Defendant would schedule Plaintiff to work 7:00 a.m. to 5:00 p.m. on Saturday in addition to his regular Monday through Friday schedule.

20. During Plaintiff's 10-hour 7:00 a.m. to 5:00 p.m. shifts, Defendant failed to afford Plaintiff sufficient time to take a break or to eat a meal uninterrupted by work.

21. In addition to Plaintiff's 10-hour scheduled shifts, Plaintiff was required to sort delivery packages to load into the delivery vehicle and load those packages into the vehicle before he could leave to drive his route for Defendant.

22. Defendant required Plaintiff and other similarly situated former and current delivery drivers to allot time to arrive before their scheduled shift to do this pre-shift sorting and loading work. Plaintiff would begin performing this pre-shift sorting and loading work at 6:45 a.m. because it would take approximately 15 minutes per shift.

23. In order for Plaintiff to perform his job as Defendant's delivery driver, he was required to start driving his route at the beginning of his schedule shift, thus, the pre-shift sorting and loading work was integral and indispensable to Defendant's business.

24. Defendant knew or should have known that, under the MFLSA, "[n]o employer may employee for a workweek longer than 48 hours, unless the employee receives [overtime] compensation for employment in excess of 48 hours in a workweek[.]" Minn. Stat. § 177.25, subd. 1.

25. Defendant knew or should have known that, under the FLSA, Plaintiff should have been paid overtime "at a rate not less than one and one-half times the regular rate" at which she was employed for all compensable pre-shift time for workweeks in excess of 40 hours. 29 U.S.C. § 207(a)(1).

26. Defendant knew or should have known that, if an employer is compensating its employee by a day rate instead by an hourly rate, the employee's regular rate of pay must first be determined by "totaling all the sums received at such day rates or job rates in the workweek and diving by the total hours actually worked. He is then entitled to extra

5

half-time pay at [his regular rate of pay] for all hours worked in excess of 40 in a workweek." 29 C.F.R. § 778.112

27. Despite this, Defendant failed to pay overtime at one-half times the regular rate for Plaintiff's hours worked in excess of 40 hours during a workweek in violation of the FLSA. Further, Defendant failed to pay overtime at one-half times the regular rate for Plaintiff's hours worked in excess of 48 hours during a workweek in violation of the MFLSA. Instead, Defendant compensated Plaintiff his day rate only. *See, e.g.,* Plaintiff's paystubs for the pay period beginning 11/15/2015 and ending 11/21/2015, attached hereto as Exhibit 2.

28. In reckless disregard of the FLSA and MFLSA, Defendant adopted and then adhered to their policy and plan resulting in Plaintiff and other similarly situated former and current delivery driver employees not being paid for their overtime in violation of the FLSA and MFLSA.

### A.   *Recordkeeping*

29. MFLSA requires every employer to make and keep record of "the hours worked each day and each workweek by the employee[.]" Minn. Stat. § 177.30(a)(3).

30. 29 C.F.R § 516.1 subjects "every employer subject to any provisions of the Fair Labor Standards Act" to maintain employee records.

31. The employer is mandated to maintain and preserve payroll or other records containing, without limitation, the total hours worked by each employee each workday and total hours worked by each employee each workweek. 29 C.F.R § 516.2.

32. Upon information and belief, Defendant failed to maintain and preserve

accurate timesheet and payroll records as required by the MFLSA and the FLSA.

33.     When the employer fails to keep accurate records of the hours worked by its employees, the rule in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946) is controlling. That rule states:

> [w]here the employer's records are inaccurate or inadequate . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

34.     The Supreme Court set forth this test to avoid placing a premium on an employer's failure to keep proper records in conformity with its statutory duty, thereby allowing the employer to reap the benefits of the employees' labors without proper compensation as required by the FLSA. Where damages are awarded pursuant to this test, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with . . . the Act." *Id*.

## COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually and on behalf of:

> All current and former delivery drivers or other job titles performing similar job duties employed by Blazek Contracting Corp. at any time during the last three years, who were not paid overtime premiums for hours worked in excess of 40 hours in a workweek.

7

Plaintiff reserves the right to amend the putative class definition as necessary.

36. Plaintiff does not bring this action on behalf of any employees exempt from coverage under the FLSA pursuant to the executive, administrative, or professional exemptions, or for those employees who were paid overtime premiums at the legal rate for each hour worked.

37. *29 U.S.C. § 216(b) Conditional Certification "Similarly Situated" Standard*: With respect to the claims set forth in the FLSA action, conditional certification under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan (namely, Defendant's policies of not paying their employees overtime at a rate of one-half times their regular rate for all time worked in excess of 40 hours in any given workweek); (c) their claims are based upon the same factual and legal theories; and (d) the employment relationship between Defendant and every putative Class member is exactly the same and differs only by name, location, and rate of pay.

38. Upon information and belief, there are numerous other similarly situated current and former delivery drivers or other job titles performing similar job duties who performed work in excess of 40 hours in a workweek who were not compensated at the legal rate for each hour worked and would benefit from the issuance of a court-supervised

notice of this action and the opportunity to join it. The precise number of collective Class members should be readily available from a review of Defendant's personnel, scheduling, time and payroll records, and from input received from the collective class members as part of the notice and "opt-in" process provided by 29 U.S.C. § 216(b).

39. Plaintiff shares the same interests as the putative conditional class and will be entitled to unpaid overtime compensation, interest, attorneys' fees and costs owed under the FLSA.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings the action pursuant to Federal Rule of Civil Procedure 23(b)(3) and (c)(4) on behalf of a putative Class defined to include:

> All current and former delivery drivers or other job titles performing similar job duties employed by Blazek Contracting Corp. at any time during the last three years, who were not paid overtime premiums for hours worked in excess of 48 hours in a workweek.

Plaintiff reserves the right to amend the putative class definition as necessary.

41. *Numerosity:* The members of the Minnesota Class are so numerous that joinder of all members in the case would be impracticable, and the disposition of their claims as a Class will benefit the parties and the Court. The precise number of Class members should be readily available from a review of Defendants' personnel and payroll records.

42. *Commonality/Predominance:* There is a well-defined community of interest among Minnesota Class members and common questions of *both* law and fact predominate

in the action over any questions affecting individual members. These common legal and factual questions include, but are not limited to, the following:

    a.    Whether the time the Minnesota Class members worked in excess of 48 hours in any given workweek is compensable at an overtime premium under the MPWA;

    b.    Whether Defendant violated the MPWA and the MFLSA through their pay practices;

    c.    Whether Defendant violated the MPWA and the MFLSA by failing make, keep, and preserve true and accurate payroll records;

    d.    Whether Defendants should be required to pay compensatory damages, attorneys' fees, costs, and interest for violating the MPWA and MFLSA; and

    e.    Whether Defendants' violations of the MPWA and the MFLSA were willful.

43. *Typicality:* Plaintiff's claims are typical of those of the Minnesota Class in that Plaintiff and all other members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from Defendant's same policies, practices, and course of conduct as all other Minnesota Class members' claims and Plaintiff's legal theories are based on the same legal theories as all other Minnesota Class members: whether all Class members were employed by Defendant and compensated on day rate basis without receiving an overtime premium for hours worked in excess of 48 hours in any given workweek.

44. *Adequacy:* Plaintiff will fully and adequately protect the interests of the Minnesota Class and Plaintiff retained national counsel who are qualified and experienced in the prosecution of nationwide wage-and-hour class actions. Neither Plaintiff nor his

counsel has interests that are contrary to, or conflicting with, the interests of the Minnesota Class.

45.  *Superiority:*  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically infeasible Minnesota Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

46.  The case will be manageable as a class action. Plaintiff and his counsel know of no unusual difficulties in the case and upon information and belief, Defendant has payroll systems that will allow the class, wage, and damages issues in the case to be resolved with relative ease. Because the elements of Rule 23(b)(3), or in the alternative (c)(4), are satisfied in the case, class certification is appropriate. Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co., 559 U.S. 393, 398 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue her claim as a class action").

### A.  *Enforcement of the Commissioner's Remedies[1]*

47.  By its express terms, the MFLSA entitles an aggrieved employee to stand in the shoes of the Commissioner of Labor and Industry to enforce certain remedial provisions

---

[1] Plaintiff contends he is not required to plead the Commissioner's remedies or request for civil penalties as a class. Specifically, Minn. Stat. § 177.27 *et seq.*, entitles an employee to stand in the Commissioner's shoes to enforce the MFLSA. The Act does not require the Commissioner to seek class certification to obtain relief for *all* MFLSA violations conducted in Minnesota. Accordingly, Plaintiff asserts this claim in the alternative to the extent the Defendant argues the Commissioner may only enforce the MFLSA as a class.

11

of the MFLSA. *See* Minn. Stat. § 177.27; *Milner v. Farmers Insurance Exchange*, 748 N.W.2d 608 (Minn. 2008). The chief remedy afforded the Commissioner is injunctive relief and issuance of civil penalties for willful violations of the Act.

48. Under information and belief, Defendant continues to refuse to pay its workers overtime premiums for each and every hour worked in excess of 48 hours in any given workweek. By failing to maintain and account for accurate Record Keeping, the Minnesota Class – acting in their capacity to enforce the Commissioner's remedies – seeks an order from this Court enjoining Defendant from its continued violation of the MFLSA and for an award of civil penalties.

49. Defendant has acted and refused to act on grounds that apply generally to the Class, and because declaratory relief is appropriate in the case with respect to the Minnesota Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201, *et seq.*, FAILURE TO PAY OVERTIME WAGES

50. Plaintiff re-alleges and incorporates all previous paragraphs herein.

51. At all times relevant to this action, Defendant was an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq*.

52. At all times relevant to this action, Plaintiff was an "employee" of Defendant Bluestem within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

53. Defendant is engaged in interstate commerce or in the production of goods

for commerce, as defined by the FLSA.

54. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

55. The position of delivery driver is not exempt from the FLSA.

56. Defendant's other job titles performing similar job duties are not exempt from the FLSA.

57. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of the FLSA, 29 U.S.C. § 203(g).

58. The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

59. If an employer pays its employee a day rate for services, the employee's regular rate of pay must be determined per workweek by "totaling all the sums received at such day rates or job rates in the workweek and diving by the total hours actually worked" and then the employee is "entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek." 29 C.F.R. § 778.112.

60. Defendant violated the FLSA by failing to pay Plaintiff the federally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek. *See, e.g.,* Exhibit 2 (noting no overtime premiums on Plaintiff's paystubs).

61. Upon information and belief, Defendant has corporate policies and practices of evading overtime pay for their delivery drivers.

62. Defendant's violations of the FLSA were knowing and willful.

63. Defendant has violated the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a) by Defendant's decision to compensate its delivery drivers by paying a day rate and then failing to compensate them for hours worked in excess of 40 at a rate not less than one-half times their regular rate of pay. All similarly situated delivery driver employees are victims of a uniform and company-wide policies which operate to compensate employees at a rate less than the federally mandated overtime wage rate. These uniform policies, in violation of the FLSA, have been, and continues to be, applied to all employees who have worked or are working for Defendant in the same or similar position as Plaintiff.

64. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees.

## COUNT II

### (Minnesota Class Action)
### VIOLATIONS OF THE MFLSA OVERTIME REQUIREMENT

65. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

66. At all times relevant to the action, Defendant was an employer within the meaning of the MFLSA. Minn. Stat. §177.23, subd. 6.

67. At all times relevant to the action, Plaintiff was an employee within the meaning of the MFLSA. Minn. Stat. §177.23, subd. 7.

68. The MFLSA provides "[n]o employer may employ an employee for a workweek longer than 48 hours, unless the employee receives compensation . . . at a rate of at least 1 – 1/2 times the regular rate at which the employee is employed." Minn. Stat. §177.25, subd. 1.

69. Defendant violated the MFLSA by regularly and repeatedly failing to compensate Plaintiff and the Minnesota Class overtime premiums for their work performed over 48 hours in any given workweek as described in this Complaint.

70. As a result, Plaintiff and the Minnesota Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Minnesota Class are entitled to recover unpaid overtime wages owed, plus costs and attorneys' fees, and other appropriate relief under the MFLSA. *See* Minn. Stat. §177.27.

## COUNT III

### (Minnesota Class Action)
### VIOLATIONS OF THE MFLSA
### RECORD KEEPING REQUIREMENT

71. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

72. At all times relevant to the action, Defendant was an employer within the meaning of the MFLSA. Minn. Stat. §177.23, subd. 6.

73. At all times relevant to the action, Plaintiff was an employee within the meaning of the MFLSA. Minn. Stat. §177.23, subd. 7.

74. The MFLSA provides that employers are required to make and keep a record of hours worked each day and each workweek by their employees. Minn. Stat. § 177.30.

75. Defendant violated the MFLSA's record keeping requirement by failing to record each hour Plaintiff and the Minnesota Class worked. Specifically, Defendant's practice and policy of compensating Plaintiff and the Minnesota Class a day rate without recording the actual time Defendant's delivery driver employees spent performing their work duties and failing to keep records of all hours Plaintiff and the Minnesota Class worked violates the MFLSA.

76. As a direct and proximate result of Defendant's conduct, Plaintiff and the Minnesota Class have suffered damages.

## COUNT IV

### (Minnesota Class Action)
### VIOLATIONS OF THE MPWA

77. Plaintiff re-alleges and incorporates all previous paragraphs herein and further alleges as follows.

78. At all times relevant to the action, Defendant was an employer within the meaning of the MPWA. *See* Minn. Stat. §181.171(4).

79. The MPWA entitles employees to compensation for every hour worked in a workweek and requires ever employer to pay all wages earned by an employee at least once every 31 days on a regular payday. *See* Minn. Stat. § 181.101(a).

80. Defendant violated the MPWA by regularly and repeatedly failing to compensate Plaintiff and the Minnesota Class the overtime premium for time spent on the activities described in this Complaint.

81. Defendant's actions were willful and not the result of mistake or inadvertence.

*See* Minn. Stat. § 541.07(5).

82. As a result, Plaintiff and the Minnesota Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Minnesota Class are entitled to recover unpaid wages owed, plus costs and attorney fees, and other appropriate relief under the MPWA at an amount to be proven at trial.

## COUNT V

### (Commissioner's Remedies)
### VIOLATIONS OF THE MPWA

83. Minn. Stat. § 177.27 sub. 8 entitles an employee to bring an action on behalf of the Commissioner of Labor and Industry. *See generally* Minn. Stat. § 177.27 subd. 8; *see also* Milner v. Farmers, Ins., 748 N.W. 2d 608 (Minn. 2008).

84. The Commissioner's remedies include, but are not limited to:

   a. Enforcement of the MFLSA's record keeping provisions (Minn. Stat. § 177.30);

   b. Enforcement of the MFLSA in general (injunctive and declaratory relief, Minn. Stat. § subd. 4);

   c. Enforcement of the MPWA's requirement employers pay wages for each hour worked (Minn. Stat. § 181.101); and

   d. Enforcement of the MPWA's prompt pay laws (Minn. Stat. § 181 et seq.).

85. Defendant violated each and every one of the provisions set forth in paragraph 84 (a) through (d) by failing to pay an overtime premium for hours worked in excess of 48 hours in any given workweek and failing to keep accurate time records.

86. Pursuant to Minn. Stat. § 177.27 subd. 7 an employer who violates any section

of the Act, "[s]hall be subject to a civil penalty of up to $1,000 for each violation for each employee.

87. Minn. Stat. § 177.27 subd. 7 does not require the Commissioner to proceed, seek, or obtain certification to impose the civil penalty for an employer's violations of the MFLSA or MPWA.

88. As a direct result of Defendant's violation of the MFLSA and MPWA, Plaintiff is entitled to seek a civil penalty and injunctive relief on the Commissioner's behalf for each and every violation of the MFLSA and MPWA Defendant committed at an amount to be proven at trial.

**WHEREFORE**, Plaintiff requests the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth above;

b. Certifying this case as a class action pursuant to Rule 23(b)(2) and (b)(3) with respect to the Minnesota state law claims set forth above;

c. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective Class members, and permitting Plaintiff to send notice of this action to all similarly situated employees, including the publishing of notice in a manner that is reasonably calculated to apprise said employees of their rights by law to join and participate in this lawsuit;

d. Designating Named Plaintiff as the FLSA Collective Class Representative;

e. Designating Named Plaintiff as the Minnesota Class Action Representative;

f. Appointing undersigned counsel as FLSA Collective Class

    counsel with respect to Plaintiff's FLSA claims;

g.    Appointing undersigned counsel as Minnesota Class counsel with respect to Plaintiff's Minnesota class action claims;

h.    Declaring that Defendant willfully violated the Fair Labor Standards Act and its attendant regulations as set forth above;

i.    Declaring that Defendant willfully violated the MFLSA and the MPWA, and its attendant regulations as set forth above;

j.    Declaring that Defendant violated their obligations under the FLSA;

k.    Declaring that Defendant violated their obligations under the MFLSA and the MPWA;

l.    Awarding all legal and equitable relief to Plaintiff under the MFLSA and MPWA, Minn. Stat. § 177.27, et seq. and 181;

m.    Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one-half (0.5) times the Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of the prescribed number of hours per week for the past three years for the FLSA Class;

n.    Granting judgment in favor of Plaintiff and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one-half (0.5) times the Plaintiff's regular rate multiplied by all hours that Plaintiff worked in excess of the prescribed number of hours per week for the past three years for the Minnesota Class;

o.    Awarding liquidated damages to Plaintiff, in an amount equal to the amount of unpaid wages found owing to Plaintiff and awarding Plaintiff and the class members all other available compensatory damages available by law;

p.    Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

q.    Awarding pre- and post-judgment interest to Plaintiff on these

damages; and

r.  Such further relief as this court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims asserted in this Complaint.

Dated: November 3, 2017  /s/ Molly E. Nephew
Molly E. Nephew (MN Bar No. 397607)
Jacob R. Rusch (MN Bar No. 391892)
David H. Grounds (MN Bar No. 285742)
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
Saint Paul, Minnesota 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
mnephew@johnsonbecker.com
jrusch@johnsonbecker.com
dgrounds@johnsonbecker.com

*Trial Counsel for Plaintiff*